# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TOYO TIRE & RUBBER CO., LTD., a Japanese corporation, and TOYO TIRE U.S.A. CORP., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONG KONG TRI-ACE TIRE CO., LTD., a Chinese corporation; TRI-ACE WHEEL & TIRE CORPORATION, a Tennessee corporation; VOMA TIRE CORPORATION, a Tennessee corporation;, ITG VOMA CORP., a Tennessee corporation; and DOUBLESTAR DONG FENG TYRE CO., LTD., a Chinese corporation,<br><br>Defendants. | Case No: SACV14-0054 CJC (JPRX)<br><br>**FINAL JUDGMENT AGAINST DEFENDANT DOUBLESTAR DONG FENG TYRE CO., LTD.** |

1. Pursuant to the parties' stipulation, the Court, having made no independent findings of fact or conclusions of law, orders as follows: Defendant Doublestar Dong Feng Tyre Co., Ltd. ("Doublestar"), its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

(1) Infringing or inducing infringement of U.S. Patents Nos. D615,031 ("the

1

'031patent") and D610,975 ("the '975 patent"), and specifically from directly or indirectly making, using, selling, offering for sale or importing, any products embodying the invention of the '031 and '975 patents during their terms, without the express written authority of Plaintiffs;

(2) Using Toyo Tire U.S.A. Corp.'s, ("TTC's") Open Country M/T ("OPMT) Trade Dress or any trade dress or tread or sidewall design confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, selling or importing tires;

(3) Using photographs, illustrations, or other depictions of TTC's OPMT Trade Dress or any trade dress or tread or sidewall design confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, selling or importing tires;

(4) Using any name, mark, designation, product configuration, trade dress, or other material for or in connection with advertising, marketing, promoting, distributing, offering for sale, selling or importing tires that are likely to cause confusion, mistake or deception as to source relative to any of TTR and TTC's names, marks, designations, product configurations, or trade dress, including but not limited to TTC's OPMT Trade Dress;

(5) Passing off its goods and/or services as those of TTC; and,

(6) Engaging in any conduct aimed at or likely to result in diverting business intended for TTC or injuring TTC's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

2. This Court shall retain jurisdiction over the enforcement of the terms and conditions of this Consent Judgment, thereby enabling the parties to apply to this Court at any time for further orders.

3. Each party hereto shall bear its own attorney's fees, and Plaintiffs waive any

claim for damages against Defendant Doublestar for its actions as set forth herein.

Dated: 3/10/14

_____
United States District Judge

3